FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 27, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL T.,<br><br>          Plaintiff,<br>   v.<br><br>ANDREW M. SAUL, Commissioner of the Social Security Administration,<br><br>          Defendant. | NO: 2:19-CV-267-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment.  ECF Nos. 9, 10.  This matter was submitted for consideration without oral argument.  Plaintiff is represented by attorney Lora Lee Stover.  Defendant is represented by Special Assistant United States Attorney Diana Andsager.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, Plaintiff's Motion, ECF No. 9, is denied and Defendant's Motion, ECF No. 10, is granted.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~1

# JURISDICTION

Plaintiff Daniel D. T.[1] filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on July 18, 2016, Tr. 66, 67, alleging disability since November 12, 2012, Tr. 264, 271, due to type 2 diabetes, high blood pressure, heart disease, chronic obstructive pulmonary disease, dyslexia, and mental health impairments, Tr. 297.  Benefits were denied initially, Tr. 132-40, and upon reconsideration, Tr. 143-56.  A hearing before Administrative Law Judge Mark Kim ("ALJ") was conducted on May 9, 2018.  Tr. 36-65.  Plaintiff was represented by counsel and testified at the hearing.  *Id*.  The ALJ also took the testimony of vocational expert Daniel McKinney.  *Id*.  The ALJ denied benefits on August 1, 2016.  Tr. 17-27.  The Appeals Council denied Plaintiff's request for review on June 15, 2019.  Tr. 1-6.  The matter is now before this court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).  ECF No. 1.

# BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.  Only the most pertinent facts are summarized here.

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~2

1    Plaintiff was 48 years old at the alleged onset date. Tr. 264. He graduated
2 from high school and became a chef after four years of community college. Tr.
3 298, 597. Plaintiff's work history includes jobs as a chef, a janitor, and a
4 dishwasher. Tr. 298, 315. At application, he stated that he stopped working on
5 November 12, 2012, due to his conditions. Tr. 297.

## STANDARD OF REVIEW

7    A district court's review of a final decision of the Commissioner of Social
8 Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is
9 limited; the Commissioner's decision will be disturbed "only if it is not supported
10 by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,
11 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a
12 reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159
13 (quotation and citation omitted). Stated differently, substantial evidence equates to
14 "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and
15 citation omitted). In determining whether the standard has been satisfied, a
16 reviewing court must consider the entire record as a whole rather than searching
17 for supporting evidence in isolation. *Id*.

18    In reviewing a denial of benefits, a district court may not substitute its
19 judgment for that of the Commissioner. If the evidence in the record "is
20 susceptible to more than one rational interpretation, [the court] must uphold the
21 ALJ's findings if they are supported by inferences reasonably drawn from the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~3

record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

1  416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the
2  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§
3  404.1520(b), 416.920(b).

4  If the claimant is not engaged in substantial gainful activity, the analysis
5  proceeds to step two.  At this step, the Commissioner considers the severity of the
6  claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the
7  claimant suffers from "any impairment or combination of impairments which
8  significantly limits [his] physical or mental ability to do basic work activities," the
9  analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the
10 claimant's impairment does not satisfy this severity threshold, however, the
11 Commissioner must find that the claimant is not disabled.  20 C.F.R. §§
12 404.1520(c), 416.920(c).

13 At step three, the Commissioner compares the claimant's impairment to
14 severe impairments recognized by the Commissioner to be so severe as to preclude
15 a person from engaging in substantial gainful activity.  20 C.F.R. §§
16 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more
17 severe than one of the enumerated impairments, the Commissioner must find the
18 claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

19 If the severity of the claimant's impairment does not meet or exceed the
20 severity of the enumerated impairments, the Commissioner must pause to assess
21 the claimant's "residual functional capacity."  Residual functional capacity

("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since November 12, 2012, the alleged onset date. Tr. 19. At step two, the ALJ found that Plaintiff has the following severe impairments: residual degenerative joint disease, status-post meniscectomy of the right knee; diabetes mellitus II; diabetic peripheral neuropathy; major depressive disorder; anxiety disorder; and posttraumatic stress disorder. Tr. 19. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 20. The ALJ then found that Plaintiff has the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) except he has the following limitations: "[H]e can only occasionally (one-third of the workday) climb ladder[s], ropes, scaffolds, ramps, and stairs; occasionally crouch and crawl; should avoid even occasional exposure to unprotected heights; and is limited to simple routine tasks with only occasional interaction with the public." Tr. 21. At step four, the ALJ

identified Plaintiff's past relevant work as cook and janitor, and found that he is unable to perform any of this past relevant work. Tr. 25. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: cleaner, industrial; hand packager; and production assembler. Tr. 29. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from November 12, 2012, through the date of his decision. Tr. 27.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him DIB under Title II of the Social Security Act and SSI benefits under Title XVI of the Social Security Act. ECF No. 9. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's symptom claims;
2. Whether the ALJ erred in assessing his RFC; and
3. Whether the ALJ erred at step five.

## DISCUSSION

**1. Plaintiff's Symptom Claims**

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~8

1  could reasonably be expected to produce the pain or other symptoms alleged."

2  *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not

3  required to show that his impairment could reasonably be expected to cause the

4  severity of the symptom he has alleged; he need only show that it could reasonably

5  have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591

6  (9th Cir. 2009) (internal quotation marks omitted).

7       Second, "[i]f the claimant meets the first test and there is no evidence of

8  malingering, the ALJ can only reject the claimant's testimony about the severity of

9  the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

10 rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

11 citations and quotations omitted). "General findings are insufficient; rather, the

12 ALJ must identify what testimony is not credible and what evidence undermines

13 the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th

14 Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ

15 must make a credibility determination with findings sufficiently specific to permit

16 the court to conclude that the ALJ did not arbitrarily discredit claimant's

17 testimony."). "The clear and convincing standard is the most demanding required

18 in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)

19 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

20      Here, the ALJ found Plaintiff's medically determinable impairments could

21 reasonably be expected to cause some of the alleged symptoms; however,

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~9

Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 22.

Specifically, the ALJ found that Plaintiff "has pursued minimal treatment for alleged symptoms." Tr. 22. Unexplained, or inadequately explained, failure to seek treatment may be the basis for rejecting Plaintiff's symptom claims unless there is a showing of a good reason for the failure. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).

Plaintiff's challenge to the ALJ's determination essentially asserts that Plaintiff has provided objective evidence of his impairments, and his symptom statement should be credited:

> Plaintiff has provided x-ray evidence of degenerative disease of his right knee. Plaintiff has provided evidence that he has severe mental impairments including depression. Plaintiff contends that his complaints of pain and impaired function should not have been rejected by the ALJ. Plaintiff contends that his testimony concerning pain and his functional limitations should have been afforded significant weight by the ALJ especially in view of the opinions by Dr. Waller, Dr. Arnold and Dr. Angel and if they had been properly weighed that a finding of entitlement to benefits would have been established.

ECF No. 9 at 13.

However, the issue is not whether Plaintiff's impairments exist or could reasonably cause the symptoms he reports. That is the first step of the two-step process set forth in *Molina*. The ALJ already found that Plaintiff's impairments were medically determinable, Tr. 19, and that his impairments "could reasonably

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~10

be expected to cause some of the alleged symptoms," Tr. 22.  Rather, at issue are Plaintiff's statements of intensity, persistence, and limiting effects.  Plaintiff offers no argument addressing how the ALJ erred in finding that Plaintiff's reported intensity, persistence, and limiting effects of his symptoms were not supported by the lack of treatment sought and received by Plaintiff.  Therefore, the Court will not disturb the ALJ's determination.  *See Carmickle v. Comm'r. Soc. Sec.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (The Court will not address matters that are not specifically and distinctly argued in Plaintiff's opening brief.).

Additionally, Plaintiff argues that his symptom statements are supported by the opinions of Dr. Waller, Dr. Arnold and Dr. Angel.  ECF No. 9 at 13.  However, the ALJ did not weigh Dr. Waller's opinion, Tr. 23, and gave little weight to the opinions of Dr. Arnold and Dr. Angel, Tr. 25.  Plaintiff failed to challenge the ALJ's treatment of these medical opinions.  ECF No. 9.  Therefore, Plaintiff has essentially waived any such argument. *See Carmickle.*, 533 F.3d at 1161 n.2.  The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.  Particularly on appeal, we have held firm against considering arguments that are not briefed.  But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting.  However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so.  It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons. *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[2] Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to challenge the issue in his brief, the court declines to consider this issue of whether the reject medical opinions support Plaintiff's symptom statements.

### 2. Residual Functional Capacity

Plaintiff challenges the ALJ's RFC determination by arguing that his "limitations regarding his pain and his limited ability to stand and/or walk for extended periods of time should have resulted in a finding that he is only capable of a restricted range of sedentary work as supported by Dr. Angel's examination." ECF No. 9 at 14. However, as discussed above, Plaintiff failed to properly challenge the ALJ's treatment of Plaintiff's symptom statements, including his statements regarding pain, and he failed to properly challenge Dr. Angel's opinion. Plaintiff's challenge to the RFC determination relies on a finding that the ALJ erred in his treatment of Plaintiff's symptom statements and his treatment of Dr.

---

[2] Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

Angel's opinion. Since the Court has found that Plaintiff failed to properly address these arguments in his briefing, this derivative argument concerning the RFC fails. The Court will not disturb the ALJ's RFC determination.

### 3. Step Five

Plaintiff challenges the ALJ's step five determination by arguing that "the evidence does not support a finding by the ALJ that the Plaintiff can be expected to work in positions such as an industrial cleaner, hand packager or production assembler." ECF No. 9 at 14. This argument is derivative of Plaintiff's challenge to the RFC determination, which is a derivative of his initial argument that the ALJ erred in the treatment of his symptom statements and in the weight provided to Dr. Angel's opinion. Since this Court has found that Plaintiff failed to properly challenge the ALJ's treatment of his symptom statements and the weight given to Dr. Angel's opinions, this argument also fails. The Court will not disturb the ALJ's step five determination.

### CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's. *Tackett*, 180 F.3d at 1098. To the contrary, a reviewing court must defer to an ALJ's assessment so long as it is supported by substantial evidence. 42 U.S.C. § 405(g). As discussed in detail above, Plaintiff has failed to properly challenge the ALJ's treatment of his symptom statements. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

agency's determination." *Molina*, 674 F.3d at 1111. Plaintiff has failed to meet this burden. Therefore, the court will not disturb the ALJ's determination.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 9**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 10**, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE** the file.

**DATED** May 27, 2020.

*s/Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge